UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTHONY GRECO, et al.<br><br>Plaintiffs,<br>v.<br><br>NYE COUNTY DISTRICT JUDE ROBERT LANE, et al.,<br><br>Defendants. | Case No. 2:15-cv-01370-MMD-PAL<br><br>**ORDER**<br><br>(Mots. – Dkt. #6, 8, 9, 12, 13, 14, 16, 17) |

This matter is before the Court on eight motions filed by Plaintiff Peter Jason Helfrich: Emergency Motion to Stay, or Alternatively, Motion to Compel (Dkt. #6); Motion to Compel or in the Alternative, Motion to Request a Court Order Compelling Nevada Department of Corrections ("NDOC") to Provide Plaintiff Indigent Legal Supplies (Dkt. #8); Motion for Sanctions (Dkt. #9); Motion for an Order Granting 1 File Stamped Copy of the Complaint as well as a Copy of the Civil Docket Sheet (Dkt. #12); Motion to Compel This Instant Case to be Unsealed (Dkt. #13); Motion for Case to be served to all Defendants (Dkt. #14); Motion to Request a File Stamped Copy of Complaint (Dkt. #16); Motion for a Court Order to Compel NDOC to Permit Plaintiff to Send Legal Correspondence by Registered U.S.P.S. Certified Return Receipt, Proof of Service/Signature Receipt (Dkt. #17).

Mr. Helfrich is a prisoner in the custody of the NDOC. This case arises from numerous allegations that Defendants violated the civil rights of the named Plaintiffs and other. Plaintiffs are attempting to bring a *qui tam* action under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, based on purported financial losses of the federal government. Only Anthony Greco, filed an Application to Proceed *In Forma Pauperis* (Dkt. #1). The Complaint (Dkt. #1-2) also names Eric Handler, Cedric Alan Dial, and Mr. Helfrich as plaintiffs, and states that at least 17 more plaintiffs are named in another case in this district, *Helfrich v. Nevada Bar*, Case No. 2:12-cv-

1

01399-LRH-PAL. Mr. Helfrich and the other named Plaintiffs have filed an IFP application or paid the filing fee to initiate this case.[1] LSR 1-1 of the Local Rules of Practice and 28 U.S.C. § 1915 provide that a litigant must submit an IFP application. The Court therefore denies his motions without prejudice.

LSR 1-2 and § 1915 specifically require three items be submitted to this Court with a prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the institution in which he or she is incarcerated, (2) a copy of his or her inmate trust account statement for the six-month period prior to filing, and (3) a signed financial affidavit showing an inability to prepay fees and costs or give security for them. In general, when a district court grants a prisoner IFP status, federal law states that "the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. § 1915(b)(1). The district court determines the appropriate amount of an initial partial filing fee based on a formula provided in the statute. *Id*. Prisoners must pay an initial partial filing fee of the greater of twenty percent (20%) of the average monthly deposits or twenty percent (20%) of the average monthly balance of his account for the six months immediately preceding the start of this action. *See* 28 U.S.C. § 1915(b)(1). A prisoner's failure to pay the initial partial filing fee before the deadline stated in a court's order, which typically allow 30 days, "shall be cause for cause for dismissal of the case." LSR 1-3(c). After the initial partial filing fee is paid, the facility having custody of the prisoner will forward payments from the prisoner's account each month. *See* 28 U.S.C. § 1915(b)(2). Mr. Helfrich is therefore advised that even if this action is dismissed, he must still pay the full filing fee pursuant to § 1915(b) and the monthly payments from his inmate account will continue until the balance is paid.

---

[1] In a separate order, this Court denied Mr. Greco's Application to Proceed *In Forma Pauperis* (Dkt. #1) without prejudice and gave him 30 days to submit a new application. The Court noted that each individual Plaintiff must submit an application to proceed IFP if they intend to be included in this action. The order also pointed out that *pro se* parties may not pursue claims on behalf of others in a representative capacity. *See*, *e.g.*, *Simon v. Hartford Life*, *Inc.*, 546 F.3d 661, 665 (9th Cir. 2008) (collecting cases); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (*pro se* prisoner plaintiffs may not bring class actions because they are not qualified to act as class representatives and are unable to fairly represent and adequately protect the interests of the class).

1  Upon receipt of the initial partial filing fee, the Court will screen the Complaint as
2  required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th
3  Cir. 2000) (en banc) (noting that § 1915(e)'s screening requirement "applies to all *in forma*
4  *pauperis* complaints"). If the Complaint states a valid claim for relief, the Court will direct the
5  clerk's office to issue summons to the Defendants and instruct the United States Marshal Service
6  to serve the summons and complaint. *Cf.* Fed. R. Civ. P. 4(c)(3); LSR 1-3(c) (requiring that a
7  prisoner's initial partial filing fee be paid "*before* the Court will order service of process").

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Peter Jason Helfrich's Emergency Motion to Stay, or Alternatively, Motion to Compel (Dkt. #6); Motion to Compel or in the Alternative, Motion to Request a Court Order Compelling NDOC to Provide Plaintiff Indigent Legal Supplies (Dkt. #8); Motion for Sanctions (Dkt. #9); Motion for an Order Granting 1 File Stamped Copy of the Complaint as well as a Copy of the Civil Docket Sheet (Dkt. #12); Motion to Compel This Instant Case to be Unsealed (Dkt. #13); Motion for Case to be served to all Defendants (Dkt. #14); Motion to Request a File Stamped Copy of Complaint (Dkt. #16); Motion for a Court Order to Compel NDOC to Permit Plaintiff to Send Legal Correspondence by Registered U.S.P.S. Certified Return Receipt, Proof of Service/Signature Receipt (Dkt. #17) are DENIED without prejudice.

2. The Clerk of the Court shall mail Mr. Helfrich a blank Application to Proceed *in Forma Pauperis* for incarcerated litigants with instructions.

3. Mr. Helfrich shall have until **February 29, 2016**, to file the Application to Proceed *in Forma Pauperis*, accompanied by a signed and executed financial certificate, a signed and executed financial affidavit, and a statement of his inmate trust account.

4. Alternatively, Mr. Helfrich shall pay the filing fee of four hundred dollars ($400.00), accompanied by a copy of this Order, on or before **February 29, 2016.**

///

3

5. Mr. Helfrich's failure to comply with this Order by (a) submitting an Application to Proceed *In Forma Pauperis*, or (b) paying the filing fee before the **February 29, 2016,** deadline will result in a recommendation to the District Judge that this case be dismissed.

Dated this 28th day of January, 2016.

                                                                PEGGY A. LEEN
                                                                UNITED STATES MAGISTRATE JUDGE