UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY GRECO, et al. | Case No. 2:15-cv-01370-MMD-PAL |
| Plaintiffs, | |
| v. | **ORDER** |
| NYE COUNTY DISTRICT JUDE ROBERT LANE, et al., | (Mot. for Expedited Ruling – Dkt. #15) |
| Defendants. | |

This matter is before the Court on *pro se* Plaintiff Anthony Greco's Motion for Expedited Ruling (Dkt. #15), filed under seal on January 5, 2016. This proceeding is referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

This case arises from Mr. Greco's allegations that Defendants violated his civil rights and those of many others. On January 28, 2016, the Court entered an Order (Dkt. #19) denying Mr. Greco's Application to Proceed *In Forma Pauperis* (Dkt. #1) without prejudice and directing him to submit the long form application (AO 239) within 30 days, or by February 26, 2016. The Court also ordered the Clerk's Office to unseal the application and all filings, except for Mr. Greco's Motion (Dkt. #15), based on the United States' Notice of Election to Decline Intervention (Dkt #2), filed August 17, 2015. *See also* Am. Notice (Dkt. #4); Order (Dkt. #5).

In his Motion (Dkt. #15), filed January 5, 2016, Mr. Greco states he has requested intervention by the United States Department of Justice ("DOJ") to investigate and prosecute the defendants in this matter. *Id*. at 2 ¶ 1. He is aware the DOJ declined to intervene and submitted a proposed order for the Court's approval and entry. *Id*. at 3 ¶ 2. On August 21, 2015 District Judge Miranda M. Du approved and entered the proposed order addressing the DOJ's decision declining to intervene because the Motion asks the Court to expedite a ruling in this matter. *See*

Order (Dkt. #5). It was not served on Greco because the entire case was sealed, and the Clerk of Court apparently did not realize that the order required that the case be unsealed. This has now been remedied. The Motion to Expedite is denied as moot.[1]

Additionally, the Court will unseal Mr. Greco's motion. This case was ordered unsealed several months ago. Order (Dkt. #5) at ¶ 1; *see also* Order (Dkt. #19). Thus, any sealed filings must comply with the procedure outlined in LR 10-5 of the Local Rules of Practice and the Ninth Circuit's opinion in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) with respect to filing documents under seal. Generally, the public has a right to inspect and copy judicial records, and such records are presumptively accessible to the public. *Id*. at 1178. Thus, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* It appears the clerk of court filed the motion under seal because he or she did not realize the District Judge's Order (Dkt. #5) ordered the case unsealed.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Anthony Greco's Motion for Expedited Ruling (Dkt. #15) is DENIED.
2. The Clerk of the Court is instructed to UNSEAL the Motion (Dkt. #15), and the United States' Notice of Election to Decline Intervention (Dkt. #2).

Dated this 4th day of February, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[1] Mr. Greco is advised that the Court will not order service of process on any defendants until two things happen: (1) the Court grants the application to proceed *in forma pauperis* ("IFP"), ***and*** (2) the Court screens the complaint and determines that it states a colorable claim. *Cf*. LSR 1-3(c) (stating that an initial partial filing fee, if required, must be paid "*before* the Court will order service of process") (emphasis added). Federal law requires the district court to screen all IFP complaints. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(a); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that § 1915(e)'s screening requirement applies to all IFP complaints). If the IFP complaint states an actionable claim for relief, the Court will direct the Clerk's Office to issue summons to the defendant(s) and instruct the plaintiff to serve the summons and complaint.

2